Svetlana Tyshkevich
10115 Lupine Lane
Auburn, CA 95603
Tel. 916-709-8030
svetlana@aegisresinc.com

**FILED**

NOV - 3 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

Plaintiff in Pro per

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVETLANA TYSHKEVICH, | CASE NO. 2:15-cv-02010-JAM-AC |
| Plaintiff, | |
| vs. | **EX PARTE NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| WELLS FARGO BANK, N.A. AS TRUSTEE ON BEHALF OF HARBOR VIEW MORTGAGE LOAN PASS-THROUGH TRUST CERTIFICATES SERIES 2006-12; SELECT PORTFOLIO SERVICING, INC.; REAL TIME RESOLUTIONS, INC.; NATIONAL DEFAULT SERVICING CORPORATION; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-C; AND DOES 1-10, INCLUSIVE, | DATE: TBD<br>TIME: TBD<br>PLACE: TBD |
| Defendants. | |

- 1 -

TO DEFENDANT WELLS FARGO BANK, N.A. AS TRUSTEE ON BEHALF OF HARBOR VIEW MORTGAGE LOAN PASS-THROUGH TRUST CERTIFICATES SERIES 2006-12 AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November     , 2015 at      a.m. / p.m. or as soon thereafter as Plaintiff may be heard in Courtroom 26, 8th Floor, United States District Court, Eastern District of California, located at 501 I Street, Sacramento, CA 95814, Plaintiff Svetlana Tyshkevich will move the Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order and/or preliminary injunction enjoining Defendant and its successors, agents, officers, servants, employees, attorneys and representatives and all persons acting in concert or participating with it, from advancing any interest against the subject property and Plaintiff, including, but not limited to, advancing the trustee's sale against the property, and/or continuing foreclosure proceedings in any manner.

This Motion will be made on the ground that Plaintiff will suffer irreparable injury unless the activities described above are enjoined, and that the activities described above violate the California Rosenthal

EX PARTE NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Fair Debt Collection Practices Act ("RFDCPA") and/or Fair Debt Collection Practices Act ("FDCPA") and Business & Professions Code §17200 ("UCL").

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff alleges that Defendant Wells Fargo Bank, N.A. as Trustee on Behalf of Harbor View Mortgage Loan Pass-Through Trust Certificates Series 2006-12 ("Harbor View Trust") violated California's Rosenthal Fair Debt Collection Practices Act by attempting to collect debt owed to Harbor View Trust. Among the acts Plaintiff alleges are unlawful are the following: (1) making deceptive or misleading representations in debt collection by initiating and maintaining illegal foreclosure proceedings; and (2) threatening to sell Plaintiff's home at trustee's sale. Such conduct is highly egregious due to the nature of the alleged debt, which was extinguished, and therefore, Harbor View Trust has no legal basis for its actions.

The unanimous decision of the Supreme Court of the United States has made it painstakingly clear in *Jesinoski v. Countrywide*

*Home Loans*, 135 S. Ct. 790 (2015) that rescission is a private statutory remedy that requires only a letter from the borrower to give notice of exercising the TILA right of rescission. By operation of law, the note and security interest is void. The purported lender must file a lawsuit within 20 days in order to contest the notice of rescission. Here, Plaintiff's notice was never contested. Harbor View Trust's arguments that foreclosure is not considered debt collection activity fails because the note and deed of trust are void and it has no security interest to base non-judicial foreclosure on. Case law in that regard is distinguishable, because here, the non-judicial foreclosure is void and illegal.

## THE COURT SHOULD GRANT PLAINTIFF'S MOTION

### A.  Likelihood of Success on the Merits

Plaintiff has demonstrated a *prima facie* case that the note and deed of trust became void by operation of law, that Harbor View Trust did not comply with the statute if it contested the rescission, and that the foreclosure proceedings and threatened trustee's sale are unlawful. A non-judicial foreclosure cannot be conducted against a void note and deed of trust. Based on the foregoing, Plaintiff has a likelihood of

success on the merits.

### B. Possibility of Irreparable Injury

There is a strong possibility of irreparable injury to Plaintiff if relief is not granted in the instant Motion because Harbor View Trust is threatening to proceed with the trustee's sale on November 23, 2015. In the event that the unlawful conduct leads to a conducted sale, Plaintiff will likely face illegal eviction proceedings and subsequently ejected from her home. Defendant's wrongful and egregious conduct will cause Plaintiff great and irreparable injury which might result in a pecuniary award that would not afford adequate relief because Plaintiff's custom-build home is unique. The Ninth Circuit contends "[t]he loss of one's home through foreclosure generally is considered sufficient to establish irreparable harm." *Tamburri v. Suntrust Mortg., Inc.*, 2011 U.S. Dist. LEXIS 72202, 2011 WL 2654093 (N.D. Cal. July 6, 2011.)

### C. Balance of Hardships

The balance of hardships tips sharply in the Plaintiff's favor because in the event that the temporary restraining order is not issued, the property will be lost forever, and cannot be easily replaced. See

*Naderski v. Wells Fargo Bank, N.A.*, No. CV 11-1783 CAS (CWx), 2011 U.S. Dist. LEXIS 48867, at *6 (C.D. Cal. Apr. 25, 2011). Defendant cannot identify a hardship if injunction is issued because it has no legal interest in the property.

### D. Injunction is in the Public Interest

It is in the public interest to allow homeowners an opportunity to pursue what appears to be valid claims before being displaced from their homes. See *Sencion v. Saxon Mortg. Servs., LLC*, No. 5:10-cv-3108 JF, 2011 U.S. Dist. LEXIS 41022, at *8-9 (N.D. Cal. Apr. 11, 2011); see also *Naderski*, 2011 U.S. Dist. LEXIS 48867, at *6 (noting that "[t]he public interest . . . weighs in favor of preventing the wrongful foreclosure of individuals' property"); *Dumas v. First Northern Bank*, No. CIV. S-10-1523 LKK/DAD, 2011 U.S. Dist. LEXIS 16775, at *6 (E.D. Cal. Feb. 15, 2011) (stating that "[i]t is in the public interest to require lenders to comply with the California statutes enacted to protect homeowners from unnecessary foreclosures").

Since it is clearly in the public interest to prevent an unjust foreclosure, it is definitely in the public interest to prevent the loss of Plaintiff's home in the case at bar.

## CONCLUSION

Plaintiff has shown a fair chance of success on the merits, the possibility of irreparable harm, the balance of hardships which tips in their favor, and public interest. For all the foregoing reasons, Plaintiff requests that this Court issue a preliminary injunction.

Dated: November 3, 2015

_____
Svetlana Tyshkevich, Plaintiff in Pro Per

Svetlana Tyshkevich
10115 Lupine Lane
Auburn, CA 95603
Tel. 916-709-8030
svetlana@aegisresinc.com

Plaintiff in Pro per

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVETLANA TYSHKEVICH, | ) CASE NO. 2:15-cv-02010-JAM-AC </br>) </br>) </br>) DECLARATION OF </br>) SVETLANA TYSHKEVICH IN </br>) SUPPORT OF MOTION FOR </br>) TEMPORARY RESTRAINING </br>) ORDER AND/OR </br>) PRELIMINARY INJUNCTION </br>) |
| Plaintiff, | |
| vs. | |
| WELLS FARGO BANK, N.A. AS TRUSTEE ON BEHALF OF HARBOR VIEW MORTGAGE LOAN PASS-THROUGH TRUST CERTIFICATES SERIES 2006-12; SELECT PORTFOLIO SERVICING, INC.; REAL TIME RESOLUTIONS, INC.; NATIONAL DEFAULT SERVICING CORPORATION; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-C; AND DOES 1-10, INCLUSIVE, | |
| Defendants. | |

- 1 -

DECLARATION IN SUPPORT OF MOTION FOR TEMPORARY
RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

# DECLARATION OF SVETLANA TYSHKEVICH

I, SVETLANA TYSHKEVICH hereby declare and state, and if called upon to testify, could and would competently attest to the following set of facts:

1. I am a Plaintiff in the above entitled action.

2. I am before the Court at this time seeking an injunctive order enjoining and restraining Defendant Harbor View Trust from engaging in or performing any act to deprive me of ownership and/or possession of my real property, including but not limited to, conducting trustee's sale against the property, or from otherwise taking any steps whatsoever to deprive me of my ownership and possession in the property.

3. As contained in the complaint on file, I assert that Defendant Harbor View Trust ignored my valid rescission notice effective March 14, 2015.

4. By operation of law, the note and deed of trust became void upon the mailing of the notice of rescission. This is clearly set forth in the Truth in Lending Act and solidified by the Supreme Court's holding in the *Jesinoski* case.

5.      Upon receipt of the notice of rescission, Harbor View Trust was required to file a declaratory action in Superior Court if it contested my notice in any manner. However, its choice to ignore the letter is not a defense, nor was there an option to continue collection attempts by enforcing the note and deed of trust through non-judicial foreclosure.

6.      Harbor View Trust has threatened to conduct an illegal trustee's sale against my property on November 23, 2015.

7.      Since the note and deed of trust became void, it has no legal authority to maintain foreclosure proceedings in any manner by exercising the power of sale clause in the void deed of trust.

8.      I am able to demonstrate a likelihood of success on the merits because the rescission is effective and cannot be ignored in stark contrast to statute or the United States Supreme Court.

9.      There is a strong possibility of irreparable injury to me and my family if relief is not granted in the instant Motion because of the imminent trustee's sale scheduled for November 23, 2015. I fear that Harbor View Trust could unlawfully proceed with the sale which could result in an aggressive eviction proceeding.

10.     My great and irreparable injury might ultimately result in a

DECLARATION IN SUPPORT OF MOTION FOR TEMPORARY
RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

pecuniary award but that would not afford me adequate relief because my home is unique and very special to me and my family.

11.  The balance of hardships tips sharply in my favor because in the event that the temporary restraining order is not issued, the property will be lost forever, and cannot be easily replaced.  Conversely, Harbor View Trust cannot point to a single hardship if injunction is issued because it has no legal interest in the property, has no monetary expectation, and is actually indebted to me for damages caused.

12.  It is in the public interest to allow homeowners an opportunity to pursue what appears to be valid claims before being displaced from their homes and therefore, it is in the public interest to allow me the same opportunity pursue valid claims to avoid being ejected from my home.  It is also in the public interest for creditors to adhere to California statutes and laws.

13.  By the time this motion is heard, I will provide a proof of service that Defendant was properly served the moving papers.

///

///

///

- 4 -

DECLARATION IN SUPPORT OF MOTION FOR TEMPORARY
RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

I hereby declare under the laws of the United States of America, that the foregoing is true and correct.

Dated this 3rd day of November, 2015

_____
Svetlana Tyshkevich

- 5 -

**DECLARATION IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**