1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11    SVETLANA TYSHKEVICH,                    No.  2:15-cv-2010 JAM AC (PS)

12            Plaintiff,

13        v.                                   ORDER & FINDINGS AND
                                               RECOMMENDATIONS
14    WELLS FARGO BANK, N.A., etc.; et al.,

15            Defendants.

16

17        This is a mortgage foreclosure case.  Plaintiff asserts claims under the Truth in Lending

18    Act, the Fair Debt Collection Practices Act, and state law.  Plaintiff is proceeding pro se, and the

19    matter was accordingly referred to the undersigned magistrate judge by E.D. Cal. R. ("Local

20    Rule") 302(c)(21).  Having received leave of court to do so, plaintiff has filed a motion to amend

21    her complaint.  ECF No. 51.

22        For the reasons that follow, the undersigned will recommend that the motion to amend the

23    complaint be denied as futile, and that the order dismissing the First Amended Complaint be

24    amended to dismiss it with prejudice.

25                                    I.  BACKGROUND

26        A.  Allegations of the Complaint

27        In her proposed Second Amended Complaint ("proposed complaint") (ECF No. 51-2),

28    plaintiff alleges that she bought her "brand new custom build home" in January 2005.  Complaint

¶ 17.  She obtained two re-financing loans in March 2006.  Id.  The lender listed for both loans was "America's Wholesale Lender (AWL)."  Id.

In August 2007, plaintiff was told by the loan servicer, Countrywide Home Loans ("Countrywide"), that the payments would triple in the near future.  Id. ¶ 19.  Plaintiff tried to get a loan modification.  Id.  She was advised by Countrywide to stop making mortgage payments in order to qualify for the loan.  Id. ¶ 20.  Plaintiff stopped making mortgage payments in November 2007.  Id.  The loan was never modified, and defendants pursued collection activity against plaintiff.  Id. ¶¶ 21, 96, 99.

Plaintiff alleges that she "rescinded" the first loan on March 14, 2015, and that she "rescinded" the loan on July 2, 2015.  Complaint ¶¶ 32, 33.  Nevertheless, on April 4, 2016, the property was sold at a trustee's sale.  Complaint ¶ 34.

B.    The Claims

The proposed complaint's first two Causes of Action allege that defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Bank of New York Mellon ("BoNY") violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, by failing to comply with their obligations after she rescinded her loans.  Complaint ¶¶ 74-89.  Plaintiff asks for "statutory damages and Defendants' compliance" with the TILA.  Complaint ¶ 90.[1]

The proposed complaint's Third, Fourth and Fifth Causes of Action allege that all the defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, by: (1) taking collection activity against her that "cannot legally be taken" after plaintiff rescinded the loan (violating  15 U.S.C. § 1692e(5)); (2) falsely represented the legal status of the debt (violating 15 U.S.C. § 1692e(2)(A)); and (3) threatened "to collect an amount not authorized by law" (violating 15 U.S.C. § 1692f(1)).  Complaint ¶¶ 91-93, 95-96, 98-101.  Plaintiff asks for actual and statutory damages.  Id. ¶¶ 94, 97, 102.

---

[1]  Defendants Wells Fargo and BoNY oppose the motion by arguing that plaintiff can no longer obtain the remedy of rescission of the loans because the property has been sold at a trustee's sale.  However, plaintiff's proposed complaint does not seek the remedy of rescission (even though she continues to allege that she rescinded in March 2016).  Rather, she seeks damages based upon alleged law violations that occurred after she rescinded.

1    The proposed complaint's Sixth Cause of Action alleges that all the defendants violated

2    the California Business & Professions Code § 17200 by violating the FDCPA.  Id. ¶¶ 103-07.

3    Plaintiff asks that defendants "be enjoined from taking further action against the subject property

4    [including any unlawful detainer actions] and for damages . . .."  Id. ¶ 108.

5                                    II.  MOTION TO AMEND

6    On March 24, 2016, the court dismissed plaintiff's First Amended Complaint ("FAC"),

7    and granted leave for plaintiff to file a motion to amend.  ECF No. 50.  Plaintiff's claims were

8    predicated upon her theory that she had rescinded her mortgage loans, therefore the defendants

9    violated the TILA and the FDCPA by failing to rescind her loan, and by continuing to engage in

10   foreclosure and collection activities.  The FAC was dismissed because plaintiff attempted to

11   rescind the loan nine (9) years after the date of the loan, well beyond the applicable 3-year period

12   within which she was permitted to rescind.  At oral argument on defendants' motion to dismiss,

13   however, plaintiff asserted that the counter-party to her loan, America's Wholesale Lender

14   ("AWL") was an entirely non-existent entity, and therefore the loan was never "consummated,"

15   and as a result, the 3-year period for rescinding the loan never began to run, allowing her to

16   rescind at any time.

17   The court granted plaintiff leave to amend to clarify that she was alleging that AWL

18   actually did not exist (on the theory that a non-existent entity cannot enter into a contract), as

19   opposed to alleging that it was a "fictional" entity such as are permitted under California law.

20   Plaintiff has now filed her motion to amend the complaint.  The proposed complaint alleges that

21   "[i]n reality it [AWL] was non-existed [sic] entity, claiming to be a New York corporation."

22   Complaint at ¶¶ 27, 59.

23       A.  Standards for Motions To Amend the Complaint

24   Under Fed. R. Civ. P. 15(a), "'leave to amend shall be freely given when justice so

25   requires; this mandate is to be heeded.'"  Sharkey v. O'Neal, 778 F.3d 767, 774 (9th Cir. 2015)

26   (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

27                    In the absence of any apparent or declared reason such as undue
                      delay, bad faith or dilatory motive on the part of the movant,
28                    repeated failure to cure deficiencies by amendments previously

                                             3

1          allowed, undue prejudice to the opposing party by virtue of
2          allowance of the amendment, futility of amendment, etc. the leave
        sought should, as the rules require, be "freely given."

3  Foman, 371 U.S. at 182.  Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining

4  Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."

5  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "Although, under

6  Federal Rule of Civil Procedure 15(a)(2), leave to amend should be 'freely' given, that liberality

7  does not apply when amendment would be futile."  Ebner v. Fresh, Inc., ___ F.3d ___, 2016 WL

8  1056088 at *6, 2016 U.S. App. LEXIS 4875 at *17 (9th Cir. 2016).

9        B.  Requests for Judicial Notice

10       "A court shall take judicial notice if requested by a party and supplied with the necessary

11  information."  Fed. R. Evid. 201(d).  "A judicially noticed fact must be one not subject to

12  reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the

13  trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy

14  cannot reasonably be questioned." Fed. R. Evid. 201(b).

15       Defendant Wells Fargo has requested judicial notice of six (6) exhibits.  See ECF No. 53.

16  Each exhibit purports to be a public document whose existence can accurately and readily be

17  determined by resort to the records of the County Clerk or the California courts.  Accordingly, the

18  request will be granted.

19       Plaintiff has requested judicial notice of three (3) exhibits.  See ECF No. 51-1.  Each

20  exhibit purports to be a public document or governmental website whose existence can accurately

21  and readily be determined by resort to the Internet or court records.  Accordingly, the request will

22  be granted.

23                    III.  ANALYSIS

24        A.  The Truth in Lending Act ("TILA") Claims

25           1.  Alleged non-disclosure of the "true lender"

26       All defendants argue that plaintiff did not fix the "consummation" problem identified in

27  her prior complaint, namely, she fails to allege that AWL was actually non-existent.  While

28  plaintiff does add new language in a seeming effort to fix the problem, plaintiff has in fact simply

1   re-worded her original allegations.  Plaintiff now alleges that "In reality it [AWL] was non-

2   existed [sic] entity, claiming to be a New York corporation."  Complaint at 7, 14.

3        This language could be read to mean that AWL was actually non-existent.  However, at

4   oral argument, plaintiff *declined* to confirm that she was alleging AWL's actual non-existence,

5   even when asked directly.  Moreover, the remainder of the proposed complaint, plaintiff's

6   Request for Judicial Notice, and plaintiff's statements at the hearing, show that this language

7   refers instead to plaintiff's various claims that: AWL did not exist *as a New York Corporation* at

8   the time plaintiff received her loan;[2] AWL did not actually fund the loan;[3] the actual funder of the

9   loan was not disclosed to her;[4] and there was no "consummation" – no "meeting of the minds" –

10  even if AWL did exist, since it was not the entity that funded the loan.[5]  Plaintiff most clearly

11  stated her theory of recovery when she asserted, at oral argument:

12          Even if we assume that America's Wholesale Lender is a legal
            entity, . . . it's not the entity who funded my loan, and therefore
13          there is no legal contract that [was] created at the time of
            origination.[6]
14

15       Plaintiff's apparent view that she can rescind her loan *at any time* because AWL did not

16  actually fund her loan, has no support in the cases or in logic.  To the contrary, the courts in this

17  Circuit that have considered this identical argument have all rejected it.  See Ghalehtak v. FNBN

18
_____

19  [2]  See Proposed Complaint at 7 (quoting a Florida state court case for its finding that "America's
    Wholesale Lender, stated to be a New York Corporation, was not in fact incorporated in the year
20  2005 or subsequently, at any time, by either Countrywide Home Loans, or Bank of America, or
    any of their related corporate entities or agents") (underscoring in original); Plaintiff's Request
21  for Judicial Notice (ECF No. 51-1) ¶¶ 1 (asserting that New York Secretary of State website
    reveals that AWL was not registered as a New York Corporation), 2 (asserting that the affidavit
22  of Bernard Jay Patterson shows that AWL was not registered as a New York corporation until
    2008).
23  [3]  See, e.g., Complaint at 14 ¶ 58 ("AWL was not the source of funds of Tyshkevich's two
    loans"),
24  [4]  See, e.g., Complaint at 15 ¶ 61 ("Presence of a third undisclosed party, who might really
    provide the funds for the loan, nullifies the contract").
25  [5]  See, e.g., Complaint at 13 ¶ 53 ("There was no meeting of the mind, if funds come from the
    unknown party").
26  [6]  See also, Complaint at 14 ¶¶ 56, 57 ("Assuming, for the sake of argument, AWL was a
    legitimate entity.  However, this entity claiming to be a 'Lender' in the Deed of Trusts in 1st loan
27  and HELOC never funded the loan.  As a result, there was no consideration paid by the 'Lender',
    because allegedly, funds come from the unknown party, other than on the loan documents.").
28

1    I, LLC, 2016 WL 2606664 at *4, 2016 U.S. Dist. LEXIS 61347 at *10 (N.D. Cal. 2016) (Beeler,

2    M.J.) (rejecting the argument that "that the true lender and source of funds – an "essential

3    element" of the contract – was omitted from the contract's terms and thus the contract could not

4    have been formed as of that date"); Mohanna v. Bank of Am., N.A., 2016 WL 1729996 at *5,

5    2016 U.S. Dist. LEXIS 58291 at *14 (N.D. Cal. 2016) (Gilliam, Jr., J.) ("district courts have

6    unanimously found that a lender's use of an undisclosed third party to complete a secured

7    transaction is insufficient to preclude consummation under TILA," and "[t]he Court finds this line

8    of authority persuasive, and agrees that the reasoning of these cases is dispositive at this stage");

9    Sotanski v. HSBC Bank USA, Nat'l Ass'n, 2015 WL 4760506 at *6, 2015 U.S. Dist. LEXIS

10   106859 at *17-18 (N.D. Cal. 2015) (Koh, J.) ("courts that have considered arguments identical to

11   Plaintiff's – that a borrower's mortgage loan documents allegedly fail to identify the borrower's

12   'true lender' and therefore, pursuant to Jackson, the mortgage loan was never consummated –

13   have unanimously rejected it") (appeal filed September 10, 2015); Ramos v. U.S. Bank, 2012 WL

14   4062499 at *1, 2012 U.S. Dist. LEXIS 131564 at *3 n.1 (S.D. Cal. 2012) (Gonzalez, J.)

15   (dismissing TILA claim where "a lender was plainly identified . . . and the loan was

16   consummated regardless of how or by whom the lender was ultimately funded"); Major v.

17   Imortgage.com, Inc., 2016 WL 492740 at *3, 2016 U.S. Dist. LEXIS 15225 at *7 (C.D. Cal.

18   2016) (Snyder, J.) (dismissing TILA claim despite plaintiff's argument that "because 'the true

19   "source of the funds" has yet to be identified and revealed to plaintiff . . . Plaintiff's loan

20   transaction has not been consummated.'").[7]

21        As the above-cited cases concluded, plaintiff cannot indefinitely hold off the date of loan

22   consummation by alleging that the entity named on her loan form did not provide the loan funds.

23                        2.  Alleged non-existence of AWL

24        Even if plaintiff were actually alleging that AWL was completely non-existent, and

25   ─────────────────────

26   [7]  The allegations of plaintiff's proposed complaint are thus distinguished from the situation in
     Jackson v. Grant, 890 F.2d 118, 118 (9th Cir. 1989).  In that case, there was actually no lender yet
     identified at the time the mortgage loan documents were presented to, and signed by, the plaintiff.

27   Jackson, 890 F.2d at 119.  Accordingly, the loan was not consummated at that time.  However,
     after the lender was identified, and the loan closed, the loan was "consummated."

28

1   therefore there was no consummation when plaintiff signed the loan documents, amendment of

2   her complaint would still be futile.  That is because plaintiff concedes that she got the benefit of

3   her bargain and that she became indebted to *someone* on her refinancing loans at some point.  <u>See</u>

4   Complaint at 5 ¶ 17 ("Property was refinanced . . . in March of 2006" with the two loans at issue

5   here).[8]

6         Accordingly, plaintiff's right to rescind the loan expired three years from that point,

7   whenever that might be.  If the expiration of the rescission right were simply a statute of

8   limitations issue, plaintiff could amend her complaint, decline to identify when the loan was

9   consummated, and wait for defendants to establish factually that she missed her chance to

10  rescind.  However, the expiration of the right to TILA rescission creates a *jurisdictional bar* to

11  consideration of a claim based upon the alleged rescission.  <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S.

12  410, 412 (1998) ("§ 1635(f) completely extinguishes the right of rescission at the end of the 3-

13  year period"); <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002) (the

14  expiration of the 3-year period "depriv[es] the courts of subject matter jurisdiction when a § 1635

15  claim is brought outside the three-year limitation period"), <u>cert. denied</u>, 539 U.S. 927 (2003)).

16        This jurisdictional defect is plain from the face of the complaint – plaintiff alleges that the

17  refinancing occurred in March 2006, but she "rescinded" it nine (9) years later in March 2015.

18  Therefore, plaintiff does not enjoy the luxury of sitting and waiting for someone to challenge the

19  timing of her "rescission."  Rather, it is plaintiff's burden to allege when she became obligated on

20  the loan, so that the court could determine if it has jurisdiction to consider her claim.[9]  Plaintiff

21  has not done so, despite having had the opportunity to do so on her original complaint, the First

22  Amended Complaint, the proposed complaint, and three hearings on this matter.

23  ////

24  ////

25  _____

26  [8]  At oral argument, plaintiff stated "Yes, I owe somebody . . . but not to any of these defendants."
    [9]  In recommending dismissal of the First Amended Complaint, the undersigned made it clear that

27  "once the three-year clock runs out, the right of rescission is *completely extinguished*, and the
    court is deprived of jurisdiction to hear a claim based upon the rescission."  ECF No. 41 at 13-14
    (citing <u>Beach</u> and <u>Miguel</u>).

28

1    It would therefore be futile to permit plaintiff to amend her complaint with her proposed

2    TILA claims.[10]

3        B. FDCPA and State Law Claims

4    The remaining claims of plaintiff's proposed complaint are all predicated solely upon

5    defendants' alleged violation of the TILA.  As discussed above, plaintiff has not alleged a

6    meritorious TILA claim.  Accordingly, the motion to amend so as to add these additional claims

7    should also be denied as futile.

8                    IV.  CONCLUSION

9    For the reasons stated above, IT IS HEREBY ORDERED that:

10   1.  Plaintiff's Request for Judicial Notice (ECF No. 51-1), is GRANTED; and

11   2.  Defendant Wells Fargo's Request for Judicial Notice (ECF No. 53), is GRANTED.

12   Further, IT IS HEREBY RECOMMENDED that:

13   1.  Plaintiff's motion to amend (ECF No. 51) should be DENIED; and

14   2.  The order dismissing plaintiff's First Amended Complaint (ECF No. 50), should be

15   amended to dismiss that complaint with prejudice.

16   These findings and recommendations are submitted to the United States District Judge

17   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file

18   written Objections with the court and serve a copy on all parties within twenty-one (21) days.

19   Such a document should be captioned "Objections to Magistrate Judge's Findings and

20   Recommendations."  Any response to any Objection shall be filed within fourteen (14) days of

21   service of the Objection.  Failure to file objections within the specified time may waive the right

22   ////

23   ////

24

25   [10]  At oral argument, plaintiff mentioned Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919 (2016), arguing that it supports her claims, even though the case is not mentioned in her motion.  The undersigned has reviewed that case and finds that it does not bear upon plaintiff's claims.  Yvanova addressed "whether the borrower on a home loan secured by a deed of trust may base an action for wrongful foreclosure on allegations a purported assignment of the note and deed of trust to the foreclosing party bore defects rendering the assignment void."  Yvanova, 62 Cal. 4th at 923.

26

27

28

1    to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998);

2    <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

3    DATED: May 31, 2016

4                                                    _____

5                                                    ALLISON CLAIRE
                                                     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28